<u>**CLOSING**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| <small>CHAMBERS OF</small><br><small>MADELINE COX ARLEO</small><br><small>UNITED STATES DISTRICT JUDGE</small> | <small>MARTIN LUTHER KING COURTHOUSE</small><br><small>50 WALNUT ST. ROOM 4066</small><br><small>NEWARK, NJ 07101</small><br><small>973-297-4903</small> |

August 23, 2024

<u>VIA CERTIFIED MAIL</u>
Emanuel F. Waller, pro se
90 Willow Street
Bloomfield, NJ 07003

Brian Pinson, pro se
5728 Westcreek Drive
Trotwood, OH 45426

Carolyn Morman, pro se
224 Westdale Court
Dayton, OH 45402

<u>VIA ECF</u>
All Counsel of Record

**<u>LETTER ORDER</u>**

Re:   **<u>Emanuel F. Waller v. Danette L. Slevinski, et al.</u>**
      **<u>Civil Action No. 23-02011</u>**

Dear Litigants:

Before the Court is Defendant Danette L. Slevinski's ("Defendant" or "Slevinski") Motion to Dismiss <u>pro se</u> Plaintiff Emanuel F. Waller's ("Plaintiff") Complaint, ECF No. 1, pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 28.[1]  For the reasons set forth below, Defendant's Motion is **GRANTED**.

In resolving a Rule 12(b)(6) motion to dismiss, the Court accepts all pleaded facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted).   To survive, the

---

[1] Defendants Carolyn Morman and Brian Pinson each individually filed Answers to the Complaint.  <u>See</u> ECF Nos. 22 & 26.  Defendant Keyon Nichols has not been properly served.  <u>See</u> ECF No. 18.  No other Defendants join Slevinski in this Motion to Dismiss.

claims must be facially plausible, meaning that the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court must liberally construe the Complaint under "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se complaint may be dismissed under Rule 12(b)(6) only "if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (citation omitted).

In Plaintiff's form Complaint, he alleges that he "was forced out of Residents because of someone who used my identity in 2017 in the State of Ohio," and that Plaintiff has "no idea" who did what, "[b]ut 47 Gramont Ave Dayton Ohio is from the State of New Jersey." Compl. § III(C). Plaintiff further alleges that he "never [r]eceived any mail, and that the "University hospital issue is [a]fter my identity was sold from the hospital was used rapitly [sic]." Id. § II(B). Plaintiff names Danette L. Slevinski, Chief Compliance Officer at University Hospital in Newark, New Jersey, and three individuals from Dayton, Ohio, as Defendants.

Even under a liberal reading of the Complaint, under Federal Rule of Civil Procedure 8(a)(2), Plaintiff does not articulate any ground that would give rise to a plausible cause of action against Defendant. Plaintiff's Complaint is difficult to decipher, thereby failing to provide an adequate basis to put any of the Defendants on notice as to the basis of the claims against them. Accordingly, the Complaint is dismissed for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).

For the reasons stated above, Defendants' Motion to Dismiss pro se Plaintiff's Complaint is **GRANTED**. The Complaint is, on the same basis, dismissed as to Defendants Morman, Pinson, and Nichols as frivolous[2] and the case is therefore **CLOSED**.

**SO ORDERED**.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[2] Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B); Stamos v. New Jersey, No. 09-5828, 2010 WL 457727, at *2 n.3 (D.N.J. Feb. 2, 2010), aff'd, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915(e)(2) to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases at any time that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. Id.